IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SALLY SCOTT, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 13-7455 |
| | : | |
| v. | : | |
| | : | |
| TOLL BROTHERS, INC. and TOLL | : | |
| NAVAL ASSOCIATES, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                    July 21, 2014

The petitioner, Sally Scott, filed a Petition to Vacate the Arbitration Award seeking to have the Court vacate an arbitration award entered on October 21, 2013 that, in large part, denied relief to the petitioner with respect to a dispute arising from her purchase of a condominium unit. Petition at ¶¶ 2-5, Doc. No. 1.  Presently before the Court is the motion to dismiss the petition for lack of subject-matter jurisdiction filed by the respondents, Toll Brothers, Inc. and Toll Naval Associates.  For the reasons set forth below, the Court will grant the motion to dismiss and dismiss this matter without prejudice for lack of subject-matter jurisdiction.

    I.    ALLEGATIONS AND PROCEDURAL HISTORY

Unless otherwise noted, the following allegations are derived from the petition and its accompanying exhibits.  On October 28, 2007, the petitioner and Toll Naval Associates executed an agreement of sale for the purchase of a purported luxury condominium unit in Philadelphia, Pennsylvania. Petition, Ex. 1 at ¶ 7.  Dissatisfied with the unit's design and privacy features, the petitioner initiated an action against the respondents in an arbitral forum on August 21, 2012,

seeking relief stemming from the purchase of the unit.  Petition at ¶ 1.  The petitioner's claims for relief emanated solely from state law.  Petition, Ex. 1 at Counts I-XX.

On October 21, 2013, and after completion of the arbitration process, the arbitrator entered an award denying all of the claims relating to both the size and "acoustical privacy" of the unit.  Petition, Ex. 2 at 1-3.  However, the award directed the respondents to reimburse the petitioner for overpayment of homeowners' association dues, together with interest, in the amount of $271.41.  *See id.* at 3.  On October 28, 2013, the petitioner moved to have the arbitrator modify the award.  Petition at ¶ 7.  The arbitrator denied the motion on November 11, 2013.  *See id.* at ¶ 8.

The petitioner filed a petition pursuant to section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, on December 19, 2013.  *See* Petition.  On its face, the petition is devoid of any explicit jurisdictional statement.  *See id.*  On January 23, 2014, the respondents filed a motion to dismiss arguing that this omission divests the Court of subject-matter jurisdiction because the FAA itself cannot support jurisdiction.  *See* Resp'ts' Toll Brothers, Inc. and Toll Naval Assocs. Mem. of Law in Supp. of their Mot. to Dismiss ("Resp'ts' Mem.") at 1, Doc. No. 2.  The petitioner filed a response to the motion on February 7, 2014, asserting that the Court has federal question jurisdiction because the Court's analysis of the petition inherently turns on a construction of the FAA which, in turn, presents a question of federal law capable of satisfying the "arising under" language of 28 U.S.C. § 1331.  Pet'r's Mem. of Law in Supp. of Pet'r's Resp. in Opp'n to Resp'ts' Mot. to Dismiss Pet. to Vacate the Arbitration Award Pursuant to Rule 12(b)(1), Fed. R. Civ. P. ("Pet'r's Mem.") at 3, Doc. No. 6.  The Court held oral argument on this jurisdictional issue on June 11, 2014, and the motion is ripe for disposition.

## II.      DISCUSSION

### A.      Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A party may advance either a facial or factual challenge to subject-matter jurisdiction under Rule 12(b)(1). *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citation omitted). While a facial challenge requires the Court to limit its jurisdictional inquiry to the allegations of the complaint and any accompanying documents, a factual challenge allows the Court to reach beyond the pleadings to determine the jurisdictional issue. *See id.* (citations and footnote omitted). Regardless of the posture of the challenge, "[w]hen subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citation omitted). Because the respondents filed a motion to dismiss prior to filing an answer, the Court will interpret the instant motion to dismiss as a facial challenge to the Court's subject-matter jurisdiction and, accordingly, will accept as true all allegations appearing in the petition. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891-92 (3d Cir. 1977) (stating that a "12(b)(1) factual evaluation may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed" (footnote omitted)); *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir. 2001) (noting that a facial challenge mandates that a district court "treat the allegations of the complaint as true and afford the plaintiff the favorable inferences to be drawn from the complaint" (citations and footnote omitted)).

**B.     Analysis**

The sole issue before the Court is whether the Court can find its statutory grant of subject-matter jurisdiction strictly within the confines of the FAA.  Given the plain text of the FAA, the Court concludes that it cannot.

As a matter of first principles, a federal court's subject-matter jurisdiction is controlled by Article III of the U.S. Constitution.  *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) (observing that the "controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1").  Subject-matter jurisdiction of the "inferior" federal courts, of which this Court is one, is further limited by an Article III delegation of power to Congress to "ordain and establish" these courts.  U.S. Const. art. III, § 1; *see United States v. Blackman*, 334 F. App'x 524, 526 (3d Cir. 2009) ("The Congressional power to ordain and establish inferior courts includes the power of investing them with jurisdiction either limited, concurrent, or exclusive" (quotation and citations omitted)).  Thus, lower federal courts must ensure that they are operating within the bounds of both Article III and a statutory grant of jurisdiction when they seek to exercise the "judicial Power of the United States."  U.S. Const. art. III, § 1.

Despite its theoretical ability to do so, Congress has never vested lower federal courts with jurisdiction to the full extent authorized by Article III.  *See Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 782 n.11 (E.D. Pa. 2010) (explaining that "it is understood that Congress has not always extended original jurisdiction to the full extent permitted by Article III" (citation omitted)).  Indeed, both of the most commonly cited statutory grants of jurisdiction, namely 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity), include restrictions that are not compelled by the text of Article III.  For example, while courts have interpreted the diversity

4

statute to include a complete diversity requirement that does not appear in the text of Article III, the federal question statute is accompanied by the judge-made "well-pleaded complaint" rule that, in part, renders the "arising under" language of section 1331 more restrictive than the "arising under" language of Article III. *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 495 (1983) (declaring that the "'many limitations which have been placed on jurisdiction under § 1331 are not limitations on the constitutional power of Congress to confer jurisdiction on the federal courts'" (quotation omitted)); *Singh v. Daimler-Benz AG*, 9 F.3d 303, 305 (3d Cir. 1993) (reiterating that the complete diversity requirement emanates strictly from statutory law (citation omitted)). Thus, in an effort to more completely implement Article III jurisdiction in line with its constitutionally-grounded discretion, Congress has enacted specific statutory grants of jurisdiction that sit wholly apart from the baseline grants embodied in 28 U.S.C. § 1331 and 28 U.S.C. § 1332. *See Klein v. Drexel Burnham Lambert, Inc.*, 737 F. Supp. 319, 321 (E.D. Pa. 1990) (noting that a federal court generally will not entertain an action unless jurisdiction is supplied by the diversity statute, the federal question statute, or a "specific statutory grant").

Turning to the issue presented in this case, the Court must wade through each potential jurisdictional avenue to resolve whether the FAA can singlehandedly serve as the basis for the Court's statutory grant of jurisdiction.[1] The Court first concludes, and the parties seemingly do not dispute, that the diversity statute cannot supply jurisdiction given the allegations contained in the petition. Quite simply, the limited averments of the petition do not allow the Court to

---

[1] As previously indicated, the petition does not contain an explicit jurisdictional statement. *See* Petition. In responding to the motion to dismiss, the petitioner argues that the FAA is capable of conferring federal question jurisdiction on the Court. *See* Pet'r's Mem. at 3. The petitioner does not even attempt to invoke the diversity statute or an independent statutory grant. Although "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced," the Court will undertake a more searching analysis in its recognition of the crucial role that subject-matter jurisdiction plays in our constitutional order. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) (citations omitted); *see Compagnie des Bauxites de Guinee*, 456 U.S. at 702 (describing the obligation of federal courts to raise subject-matter jurisdiction *sua sponte*).

conduct a proper diversity analysis[2] and, therefore, the petitioner has failed to carry her jurisdictional burden with respect to 28 U.S.C. § 1332.[3]

Second, the Court agrees with the respondents that the FAA is not a self-executing grant of jurisdiction. *See* Resp'ts' Mem. at 1. Indeed, the plain text of the FAA precludes such a result. Section 4 of the FAA provides that a district court may entertain a petition to compel arbitration under an agreement when the court, "save for such agreement, would have jurisdiction under Title 28." 9 U.S.C. § 4. The plain import of this language evidences clear congressional intent to allow a district court to consider a petition to compel arbitration only to the extent that the court can locate an independent jurisdictional basis. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 n.2 (2008) (citing this language to conclude without qualification that "the FAA is not jurisdictional"). In turn, courts have read this language into other provisions of the FAA, including 9 U.S.C. § 10 (the applicable provision in this case), to ensure that the FAA functions as a unified statutory scheme.[4] Therefore, the FAA itself does not confer subject-matter jurisdiction and the petitioner must look for another basis.

---

[2] Because the petition lacks explicit jurisdictional allegations, the Court must turn to the governing complaint that was presented to the arbitral forum to conduct its inquiry. *See* Petition, Ex. 1. That complaint, however, presents an incomplete basis upon which to conduct a diversity analysis because it speaks only of the petitioner's residency. *See* Petition, Ex. 1 at ¶ 1; *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) (stating that allegations of residency are insufficient to establish citizenship for purposes of diversity (citation omitted)). The Court cannot reach beyond the petition to obtain a more complete basis because this is a facial, and not a factual, challenge to the Court's subject-matter jurisdiction. However, pursuant to 28 U.S.C. § 1653, the petitioner will be given leave to file an amended petition to properly allege, if she can, that she is a citizen of a state other than Pennsylvania. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that section 1653 "gives both district and appellate courts the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts" (citation omitted)).

[3] Consequently, the Court does not determine whether complete diversity is present or whether the amount-in-controversy requirement is satisfied.

[4] The United States District Court for the District of Columbia has opined that this interpretation is necessary to save the FAA from an accusation that it is "little more than an odd patchwork of individual statutes, bereft of any coherent plan." *Bangor & Aroostock R.R. Co. v. Maine Cent. R.R. Co.*, 359 F. Supp. 261, 263 (D.D.C. 1973). Returning to the text of the statute, Congress did not write into the other provisions of the FAA any jurisdictional language more specific than that found in section 4 that would indicate that district courts are to depart from the baseline rule to seek an independent jurisdictional basis when interpreting a provision other than section 4. *See Southland Corp. v. Keating*, 465 U.S. 1, 16 n.9 (1984) (writing that, "[w]hile the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976) or otherwise" (citation omitted)); *Gentile v. Harrison*

In the final stage of the analysis, the Court concludes that the allegations in the petition cannot make out the requisite other basis of subject-matter jurisdiction because the FAA is incapable of supplying the federal law necessary to satisfy the "arising under" language of the federal question statute. In its entirety, 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In general, federal question jurisdiction lies "if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (quotation omitted). In other words, the federal question analysis is multi-layered and initially requires the Court to determine the nature of the law that creates the cause of action. *See Merrell Dow*, 478 U.S. at 808 (explaining that the "arising under" language of section 1331 "masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system" (quotation omitted)); *see also Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) (asserting that a "suit arises under the law that creates the cause of action"). It is only when state law creates the cause of action that the Court must discern whether the well-pleaded complaint presents a federal question that is substantial enough to confer jurisdiction under the federal question statute. *See Grable & Sons Metal Prods., Inc. v.*

---

*Trading Grp., LLC*, No. 08-1704, 2009 WL 311310, at *1 (E.D. Pa. Feb. 6, 2009) (citing section 4's jurisdiction-confining language in the context of a section 10 motion to vacate). That the FAA, as currently written, should be so read is further supported by the fact that Congress must be particularly precise when dealing with issues of jurisdiction. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (confirming that, "[a] rule is jurisdictional '[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional'" (quotation omitted)). The fact that the text of section 10 "is less than precise" cuts in favor of the result that the Court reaches today. *Harry Hoffman Printing, Inc. v. Graphic Commc'ns, Int'l Union, Local 261*, 912 F.2d 608, 611 (2d Cir. 1990).

*Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (describing the "less frequently encountered, variety of federal 'arising under' jurisdiction" as lying "over state-law claims that implicate significant federal issues" (citation omitted)).

Although they disagree on the ultimate outcome, both the petitioner and the respondents agree that the petitioner's instant cause of action is grounded in state law. *See* Resp'ts' Mem. at 3 (asserting that "no federal law creates Claimant's cause of action"); Pet'r's Mem. at 3 (suggesting that the petitioner's cause of action arises under state law). As a result, both parties proceed to analyze whether the petition presents a substantial question of federal law. *See id.* However, the Court need not address this issue head on for the petitioner's cause of action arguably arises under federal law in the sense that it is the FAA, and not state law, that confers upon her a right to seek a private remedy in federal court with respect to the underlying arbitration.[5] *See Klein*, 737 F. Supp. at 322 (characterizing an action under section 4 as a "cause of action 'aris[ing] under' the Federal Arbitration Act" (footnote omitted)); *see also Whiteside v. Teltech Corp.*, 940 F.2d 99, 101 (4th Cir. 1991) (proclaiming that the "FAA creates a separate federal cause of action for enforcement of agreements within its scope"). Despite this characterization, the Court cannot take the next step and automatically conclude that this federal cause of action confers federal question jurisdiction because, as stated above, Congress has textually foreclosed such a result.[6] Consequently, a party wishing to use the federal question

---

[5] Even assuming that the Court is required to determine whether the petition presents a substantial question of federal law and even further assuming that the Court has the power to look through the face of the petition to analyze whether the underlying arbitrated dispute raises such a question, the Court would still conclude that it lacks federal question jurisdiction as the entire controversy simply does not raise a federal question capable of satisfying any strain of federal question jurisdiction. Again, the petitioner invokes only the FAA in her discussion of federal question jurisdiction. *See* Pet'r's Mem. at 3.

[6] This, then, is where the FAA takes on its anomalous character. *See Hall St. Assocs., L.L.C.*, 552 U.S. at 581-82 ("As for jurisdiction over controversies touching arbitration, the Act does nothing, being 'something of an anomaly in the field of federal-court jurisdiction' in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis" (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983))). The FAA is simply not amenable to the following observation: "the vast majority of cases brought under the general

statute must, at a minimum, invoke federal law independent of the FAA at some level of the litigation. The petition is devoid of this invocation.

### III.   CONCLUSION

The FAA, by its terms, does not provide an independent basis for federal jurisdiction. Because the petitioner has not alleged an independent jurisdictional basis, the Court has no subject-matter jurisdiction over this action. The Court will therefore grant the motion to dismiss and dismiss this matter without prejudice. The petitioner will be granted leave to file an amended petition to properly invoke, if she can, this Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. An appropriate order follows.

BY THE COURT:


*/s/ Edward G. Smith*
EDWARD G. SMITH, J.

---

federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow*, 478 U.S. at 808.